IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:15-cv-01690-WJM-CBS

JON LEWIS, an individual

**Plaintiff,**

v.

RECREATIONAL SPORTS & IMPORTS DENVER, INC., an Idaho corporation;
COAST 2 COAST COMMUNICATIONS, LLC, a Colorado limited liability company;
BRIAN TORTORELLA, an individual; and
DAVID HESTERMAN, an individual

**Defendants.**

---

## ~~PROPOSED~~ PROTECTIVE ORDER

---

The Court hereby grants the Stipulated Motion for Entry of Protective Order for the

reasons set forth therein and further orders as follows:

1. This Protective Order shall apply to all information, documents and tangible

things subject to discovery in this action, that are in the possession, custody, or control of a party,

or of a non-party witness, and that are believed to contain or embody a party's trade secrets,

proprietary or other confidential information.  By way of example, and not limitation, such

information may include, or be included in, documents, tangible things, transcripts, answers to

interrogatories and other responses to discovery requests, pleadings, briefs, summaries, notes,

abstracts, motions, drawings and any instrument which comprises, embodies or summarizes

matters which any party or non-party considers confidential and/or proprietary.  Confidential

information may also include information revealed during depositions upon oral examination.

2.        "Confidential Information" (including as a subset any documents marked "Highly Confidential – Attorneys' Eyes Only") as used herein means any (i) trade secrets, (ii) proprietary, or other confidential information of the designating party, regardless of form, including but not limited to, research, development, business, marketing, sales, or financial information; or, (iii) information that a Party is contractually or legally prohibited from disclosing publicly.  The "Confidential" designation extends to both the material so designated and to the substance of the information so designated and excerpts, compilations, or similar documents containing or compiled from such information.

3.        The "Highly Confidential – Attorneys' Eyes Only" designation ("AEO designation") shall be limited to highly sensitive business and technical information for which disclosure would be detrimental to the designating party.

4.        "Confidential Information" does not include information that was in the public domain before disclosure to the non-designating party, or that becomes part of the public domain after disclosure to the non-designating party through no action or fault of the non-designating party.

5.        The parties shall endeavor to limit the designation of information as Confidential Information to the information that genuinely warrants the protection provided by the terms of this Order.

6.        "Confidential Information" shall not be used or disclosed by any party for any purpose whatsoever other than in the preparation for and trial of this matter and any appeal thereof; provided, however, the designating party may use its own "Confidential Information" for any purpose.  Persons authorized to review Confidential Information pursuant to this

Protective Order shall hold Confidential Information in confidence and shall not divulge the

Confidential Information, either verbally or in writing, to any other person, entity or government

agency unless authorized to do so by order from this Court.  If a receiving Party discloses or uses

Confidential Information in violation of the terms of this Protective Order, the Court may impose

appropriate sanctions against that Party, including without limitation compensatory damages for

any harm caused by the disclosure or use.

      7.     Counsel for a Party who receives Confidential Information shall take reasonable

steps to ensure compliance with the terms of this Protective Order with respect to persons to

whom such Confidential Information is disclosed as a result of counsel's receipt of such

information from the disclosing Party.  Counsel for the receiving Party shall obtain and retain the

original Acknowledgements, in the form attached hereto, signed by qualified recipients of

Confidential Information.

      8.     Either party may designate materials as "Confidential Information" or "Highly

Confidential – Attorneys' Eyes Only" in the following manner:

      (a) All "Confidential Information" shall be marked by placing on the initial page

or cover of a multi-page document (including deposition transcripts), one of the

following designations, or a designation containing the same information, but in a

different format: "CONFIDENTIAL"; or "CONFIDENTIAL INFORMATION – THIS

DOCUMENT IS SUBJECT TO A PROTECTIVE ORDER" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY."  In lieu of marking the original

documents, the party may mark the copies that are produced or exchanged;

(b) With respect to testimony that is not transcribed, by given written notice to opposing counsel no later than ten days after the testimony is given; and

(c) With respect to transcribed testimony, by designation at the time the testimony is given or within 10 days following the date the testimony is transcribed.

(d) With respect to depositions, only person authorized to receive AEO information may attend the portions of the depositions pertaining to AEO information. Counsel of a deponent may designate testimony as AEO during the course of any deposition.  Such designation may be made in response to a question, prior to any responsive testimony being given.  If such a designation is made, any person not authorized to receive AEO information shall be excluded from the deposition until testimony regarding AEO matters has been concluded.  The portions of the deposition transcript pertaining to AEO matters shall be bound separately with a cover bearing the legend "Highly Confidential – Attorneys' Eyes Only" and shall not be shown to any person not authorized by paragraph 9 below, without prior order of the Court.  The restrictions of this paragraph apply to videotaped depositions, and videocassettes or other video container shall be labeled in accordance with the provisions of this paragraph.  If any party objects to the designation of testimony as AEO, the objection may be noted for the record but persons not authorized to receive AEO information shall nevertheless be excluded from deposition until testimony regarding AEO matters has been concluded. After the deposition the objecting party may contest the designation before the Court, and may seek to examine the witness further on AEO subjects only.

9.     "Confidential Information" shall not be disclosed to any person or entity other than:

(a) The Parties and the Parties' officers, directors, and employees.

(b) Corporate (in-house) and outside attorneys for each party actively engaged in this litigation and law clerks, paralegals, office clerks, and secretaries working under their supervision;

(c) Any witness with prior knowledge of the information and/or prior or current possession of the documents to be disclosed, subject to execution of Exhibit A;

(d) Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree to be subject to execution of Exhibit A; and,

(e) Any court reporter engaged in connection with this matter (or any of his or her staff or employees.

10.    Access to any document marked "Highly Confidential – Attorneys' Eyes Only" received by the non-designating party shall be restricted to the following persons:

(a) The non-producing party's counsel in this action, in-house counsel and said counsel's staff;

(b) Expert witnesses retained by the parties, subject to execution of Exhibit A;

(c) Persons authorized to record or transcribe a proceeding at which Confidential Information is disclosed; and,

(d) Court personnel involved in this litigation.

11.     Any party objecting to the designation of any information as "Confidential Information" shall clearly state the basis for the objection in a letter to counsel for the designating party.  If the parties are unable to resolve the objection, the party objecting the Confidential designation shall file an appropriate motion with the Court requesting resolution of the matter.  Until an objection to the designation of information has been resolved by agreement of counsel or by order of the Court, the information shall be assumed to be properly designated, and shall be subject to the terms of this Order.  The party making the designation in question shall bear the burden of justifying that designation in any dispute before the Court requesting modification or striking of the designation.

12.     If a party disputes an AEO designation, each party agrees to first attempt to resolve the dispute by redacting portions of the document designated AEO in order for the document(s) to be so designated.

13.     To the extent that any filing with the Court would reveal or tend to reveal any Confidential Information protected by this Order, any such Confidential Information shall be filed separately under seal, with a copy of this Order attached thereto, in compliance with D.C.COLO.LCivR 7.2.

14.     Before any "Confidential Information" is offered in evidence at trial or any court hearing, the proponent of the evidence shall provide opposing counsel five (5) days notice, and will attempt to resolve with opposing counsel means to protect the confidentiality of the information therein.  If those attempts are unsuccessful, the proponent of the evidence shall request the Court to take such steps as may be appropriate under the circumstances to protect the confidentiality of the information contained therein.

15.     This Order shall continue to be binding throughout and after the conclusion of the trial, including any appeal thereof.  Upon final termination of this matter, whether by judgment, settlement, or otherwise, all Confidential Information (and any copies thereof) shall be returned, upon request, to the party who produced such material.  All briefs, pleadings, or other filings with the Court, or attorney work product which incorporates or discloses Confidential Information may remain in the possession of counsel, and need not be destroyed, but shall remain subject to this Order.

16.     The provisions of this Protective Order shall, absent written permission of the disclosing Party, or further order of the Court, continue to be binding throughout and after the conclusion of this action, including any appeals or remands.  Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of this action, including any appeals therefrom, all persons having received Confidential Information shall return such materials, and all copies thereof (including summaries and excerpts) to counsel for the disclosing Party, or shall certify destruction thereof in writing.  The counsel for each Party shall be entitled to retain court filings, deposition transcripts, and attorney work product that contains, reflects or summarizes Confidential Information, provided that such counsel, and employees of such counsel, shall not disclose any such Confidential Information to any person or entity except pursuant to a written agreement with the disclosing Party.  All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

17.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information

pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

18.     The terms of this Order may be modified only by written agreement of counsel for the parties or by further order of the Court.

IT IS SO ORDERED.

Dated this _17th_ day of _November_, 2015.

BY THE COURT:

Craig B. Shafler
United States Magistrate Judge

Agreed as to form:

s/ Scott F. Reese

Scott F. Reese
Scott F. Reese, P.C.
795 W. Birch Court, Suite 100
Louisville, CO 80027
Phone:  303-665-4448
E-mail: scottfreese@juno.com

ATTORNEY FOR PLAINTIFF JON LEWIS

s/ James N. Phillips

James N. Phillips
PHILLIPS LEGAL, P.C.
1899 Wynkoop St., Suite 225
Denver, Colorado 80202
Phone:  (303) 378-3804
E-mail:  jphillips@phillipslegalpc.com

ATTORNEY FOR DEFENDANT RS&I, INC.

s/ Gordon M. Hadfield

Erik G. Fischer, P.C.
125 South Howes Street, Suite 900
Fort Collins, CO 80521
Phone:  (970) 482-4710
E-mail: gordon@fischerlawgroup.com

ATTORNEY FOR DEFENDANTS COAST 2 COAST COMMUNICATIONS, LLC AND BRIAN TORTORELLA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:15-cv-01690-WJM-CBS

JON LEWIS, an individual

**Plaintiff,**

v.

RECREATIONAL SPORTS & IMPORTS DENVER, INC., an Idaho corporation;
COAST 2 COAST COMMUNICATIONS, LLC, a Colorado limited liability company;
BRIAN TORTORELLA, an individual; and
DAVID HESTERMAN, an individual

**Defendants.**

---

**ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

---

The undersigned has read the foregoing Protective Order (the "Order"), understands its

contents, and hereby undertakes and agrees to abide by its terms, including, without limitation,

those terms regarding the use of any "Confidential Information" as defined in the Order.  The

undersigned agrees to submit to the jurisdiction of United States District Court for the District of

Colorado for the purpose of enforcing the terms and conditions of the Order.


_____         _____

Dated                                                                      Name (Print or Type)


                                                                           _____

                                                                           Signature